**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAMES DOUGLAS JONES,** | § | |
| | § | |
| **VS.** | § | **A-11-CA-368  SS** |
| | § | |
| **RICK THALER** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Petition for a Writ of Habeas Corpus By a Person in State Custody (Clerk's Dkt. #1); Petitioner's Brief of Points and Authorities in Support of Application/Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 By a Person in State Custody (Clerk's Dkt. #4); Petitioner's Amendment (Clerk's Dkt. #11); Respondent's Amended Answer with Brief in Support (Clerk's Dkt. #16); Petitioner's Response to Respondent's Amended Answer with Brief in Support (Clerk's Dkt. #18); and Petitioner's Memorandum of Law (Clerk's Dkt. #23).  For the reasons set forth below, Petitioner's application for writ of habeas corpus should be denied.

**I.  PROCEDURAL HISTORY**

Petitioner James Douglas Jones ("Jones") was charged in the 421st Judicial District Court of Caldwell County, Texas with aggravated assault on a public servant. He pled guilty before the

court.  On April 29, 2004 the court entered an order deferring an adjudication of guilt and placing Jones on probation for ten years.  The State subsequently moved to revoke Petitioner's probation and have him adjudged guilty.  On September 29, 2008, the court adjudicated Jones guilty and assessed punishment of twenty-five years imprisonment.

Petitioner's conviction was affirmed on direct appeal.  *Jones v. State*, No. 03-08-683-CR, 2009 WL 3922903 (Tex. App. – Austin 2009).  The Texas Court of Criminal Appeals refused the petition for discretionary review.  *Jones. State*, PDR No. 1767-09 (Tex. Crim. App. Mar. 31, 2010).  Jones also sought state post-conviction relief in an application for writ of habeas corpus filed on October 20, 2010.  The Texas Court of Criminal Appeals denied habeas relief without written order.  *Ex parte Jones*, No. 59,823-02 (Tex. Crim. App. Jan. 12, 2011).  The Third Court of Appeals of Texas affirmed the denial of his habeas application.  *Jones v. State*, No. 03-11-002-CR, 2011 WL 832135 (Tex. App. – Austin, Mar. 9 2011, pet. ref'd).  Jones now seeks federal habeas corpus relief.  The parties have filed responsive pleadings and the petition is now ripe for review on the merits.

## II.  ISSUES RAISED

Jones attacks the validity of his conviction and sentence in ten grounds for relief.  Specifically, he contends: (1) his sentence was improperly cumulated; (2) his sentence was untimely cumulated; (3) trial counsel did not protect his right to be free of double jeopardy; (4) trial counsel failed to fully advise him of the consequences of his plea; (5) the trial court improperly denied his motion to quash the State's motion to adjudicate guilt; (6) trial and appellate counsel did not challenge a prior conviction that was improperly used to enhance his sentence; (7) trial and appellate counsel failed to get full command of his case, failing to urge a motion to suppress and failing to raise this error on appeal; (8) trial counsel erred in not filing a motion for discovery and appellate

counsel failed to challenge this error on appeal; (9) trial and appellate counsel failed to challenge the evidence at his adjudication hearing; and (10) the state court of appeals erred in dismissing his attempted appeal of the trial court's order recommending that his state writ application be denied.

### III.  STANDARD OF REVIEW

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA").  Under the AEDPA, a habeas petitioner may not obtain relief with respect to any claim that was adjudicated on the merits in a state court proceeding unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court of the United States] on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413, 120 S. Ct. 1495, 1523 (2000).  An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id*.  A state court decision is entitled to deference unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2001).  A presumption of correctness attaches to factual determinations made by a state court. 28 U.S.C. § 2254(e)(1).  A habeas petitioner must rebut this presumption by clear and convincing

evidence. *Id.*; *Ladd v. Cockrell*, 311 F.3d 349, 352 (5th Cir. 2002). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 784 (2011). *See also Garcia v. Quarterman*, 454 F.3d 441, 444-45 (5th Cir. 2006) (AEDPA deference applies to both express and implicit findings of state court).

## IV.  ANALYSIS

### A.  Evidentiary Hearing

As a threshold matter, Jones requests this Court hold an evidentiary hearing. As set forth above, federal habeas review asks whether a state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has recently interpreted this "backward-looking language" to confine habeas review to the record before the state court. *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011).

Section 2254 allows an evidentiary hearing in federal court only under narrow circumstances:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–

(A) the claim relies on–

    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

4

28 U.S.C. § 2254(e)(2).  The Supreme Court explained the focus of the section is "on *limiting* the discretion of federal district courts in holding hearings." *Pinholste*r, __ U.S. __. 131 S. Ct. at 1401 n.8 (emphasis in original).  The Supreme Court further explained the section is not, however, meaningless, as it remains an important tool in cases where habeas petitioners raise a claim that was not "adjudicated on the merits in State court," that is claims to which section 2254(d) does not apply. *Pinholster*, 131 S. Ct. at 1401.  The high bar for introducing evidence in a section 2254(d) case accords with "the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 787 (2011).

Because the present case, like *Pinholster*, concerns only claims under section 2254(d)(1) that have been adjudicated on the merits by a state court, Jones is not entitled to a hearing.  Therefore, the Court's review of Petitioner's application for habeas corpus relief considers only the state-court record.

### B.    Claims One-Four

Respondent contends Petitioner's first four claims, asserting errors occurring during the initial deferred adjudication proceedings, are barred under the applicable statute of limitations.

#### 1.    Applicable Law

Congress has enacted a strict statute of limitations for habeas corpus proceedings as part of the AEDPA.  Under the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.

§ 2244(d)(1).  In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

This limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending.  *Id.* § 2244(d)(2).  The one-year limitations period is also subject to equitable tolling.  *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999).  Equitable tolling may preserve a party's claims when strict application of the statute of limitations would be inequitable.  *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000).  Equitable tolling, however, applies only in cases presenting "rare and exceptional circumstances",  principally where one party is actively misled by the other or is prevented in some extraordinary way from asserting his rights.  *Coleman,* 184 F.3d at 402.

2.      **Analysis**

Jones was placed on community supervision on April 29, 2004.  *See Tharpe v. Thaler*, 628 F.3d 719 (5th Cir. 2010) (deferred-adjudication order and a judgment of conviction and sentence are two separate and distinct judgments); *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005)

---

[1]The statute provides the limitations period shall run from the latest of the following events:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

(deferred adjudication is separate, final judgment for purposes of triggering AEDPA limitations period). He did not file an appeal. Therefore, the judgment became final thirty days later, on May 24, 2004. *See* Tᴇx. R. Aᴘᴘ. P. 26.2. (defendant must file notice of appeal in criminal case within thirty days after sentence is imposed); *see also United States v. Vasquez*, 298 F.3d 354, 359 (5th Cir. 2002) (deferred adjudication probation and revocation of that probation becomes final for federal sentencing enhancement purposes when time for filing notice of appeal passes or if appealed, when appeal is affirmed and no further review is possible). Petitioner did not execute his federal application until April 29, 2011, almost seven years after his deferred-adjudication order became final.[2]

Respondent has moved to dismiss the first four of Jones' claims, in which he attacks the original plea proceedings, as time-barred. According to Respondent, the one-year limitations period for claims arising during those proceedings had expired well before Petitioner filed this action. Respondent acknowledges Jones filed an application for state post-conviction relief, but correctly points out because it was filed beyond the May 4, 2005 expiration of the one year limitations period, it did not act to toll his limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

In response, Petitioner argues any failure on his part to timely challenge the deferred adjudication proceedings should be excused because his lawyer did not explain his post-conviction rights. The inquiry thus turns to the issue of equitable tolling. *See Coleman,* 184 F.3d at 402 (court

---

[2]The habeas petition is dated as placed in the prison mail system on April 29, 2011, but was not file-stamped until May 4, 2011. The Court will consider the petition filed as of the earlier date. *See Roberts v. Cockrell*, 319 F.3d 690, 692 n.2 (5th Cir. 2003) (pro se habeas petition deemed filed when delivered to prison authorities for mailing); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (under mailbox rule, a prisoner's federal habeas corpus petition deemed filed when delivered to prison officials for mailing to district court).

will examine facts to determine whether prisoner is entitled to equitable tolling when he asserts his ability to file federal habeas petition was affected by state proceeding). *See also Rodriguez v. Bennett,* 303 F.3d 435, 438 (2nd Cir. 2002) (even though petitioner not entitled to statutory tolling under § 2244(d)(2) he may be entitled to equitable tolling). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002). This burden is heavy—"such tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson,* 1 F. Supp.2d 650, 654 (N.D. Tex. 1998).

Petitioner has not met this burden in this case. He suggests any delay is the result of ineffective assistance of his counsel. Jones has not, however, shown he was unable to seek or even impeded from seeking habeas review by counsel's advice. Moreover, any incorrect understanding of the application of state law is not a sufficient circumstance to toll limitations. *See, e.g., Cousin*, 310 F.3d at 849 (petitioner's ignorance or mistake of law insufficient to warrant equitable tolling); *Fierro v. Cockrell,* 294 F.3d 674, 683 (5th Cir. 2002) (counsel's erroneous interpretation of statute of limitations provision does not excuse failure to timely file federal habeas petition). Accordingly, Petitioner's first four claims should be dismissed as time-barred.

## C. Trial Court Error

Jones contends the trial court abused its discretion in denying his motion to quash the motion to adjudicate guilt. In the motion to quash, counsel for Jones argued the motion to adjudicate was defective in that the motion failed to adequately set forth the allegations against Jones, interfering with his ability to present an adequate defense. (Hab Pet. App. Ex. 3). According to Jones, the

denial of the motion to quash was error because the motion to adjudicate guilt was defective under Texas law.  (Hab. Pet. Brief at 15-17).

Jones is not, however, entitled to federal habeas relief on this claim.  Petitioner does not allege the trial judge's actions rose to the level of a federal constitutional violation.  Rather, he addresses the judge's actions solely as a violation of state law.  In addition, the Fifth Circuit has recognized the sufficiency of a charging instrument is a matter of state law.  *Johnson v. Puckett,* 930 F.2d 445, 447 (5th Cir. 1991); *Branch v. Estelle,* 631 F.2d 1229, 1233 (5th Cir. 1980).  An error in the application of state law is an insufficient basis upon which to grant federal habeas relief.  *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999) (federal habeas court reviewing state conviction must find constitutional error at trial or direct review level to issue writ); *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994) (state prisoner seeking federal habeas review of conviction must assert violation of federal constitutional right).

Further, as Respondent points out, Jones raised this claim in his state habeas application and the state habeas court denied relief.  A federal habeas court will not consider claims attacking the sufficiency of a charging instrument when the issue "was squarely presented to the highest court of the state" and that court denied relief.  *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).  In his reply, Jones contends no deference should be given to the rejection of his claims by the state habeas court because his habeas application was denied without written order and without any written findings issued by the trial court.  Jones maintains the adjudication of his state habeas claims was thus not an adjudication of the merits and the deferential standard of review set forth in section 2254 is not applicable.

The term "adjudication on the merits" in section 2254(d) addresses whether the state court's disposition of the claim at issue was procedural or substantive.  *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002).  Nothing in the case history suggests the Texas Court of Criminal Appeals was aware of a procedural bar to considering Jones' claims.  *See Barrientes v. Johnson*, 221 F.3d 741, 778-80 (5th Cir. 2000) (setting forth three part test to determine whether state court adjudication was merits-based).  Additionally, the Texas Court of Criminal Appeals' language, "denied without written order," indicates that the denial was on the merits.  *Id*. at 779-80; *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).  Therefore, the deferential standard set forth in 28 U.S.C. § 2254(d) is applicable to this case.  Petitioner has not, therefore, shown he is entitled to federal habeas relief on this basis.

**D.**      **Ineffective Assistance of Counsel**

To establish an ineffective assistance of counsel claim, Jones must meet the two-prong test under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).  He must demonstrate both that: (1) his counsel's performance was deficient, including "errors so serious that counsel was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment"; and (2) his counsel's "deficient performance prejudiced the defense."  *Id*. at 687, 104 S. Ct. at 2064; *United States v. Walker*, 68 F.3d 931, 933 (5th Cir. 1995).

To establish deficient performance, Jones must show his counsel's acts were not "reasonable in light of all the circumstances," and he must overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  *See United States v. Haese*, 162 F.3d 359, 364 (5th Cir. 1998) (citing *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064); *United States v. Samuels*, 59 F.3d 526, 529 (5th Cir. 1995)  (strong showing required by defendant to place counsel's conduct outside wide range of reasonable professional assistance).  To

10

demonstrate prejudice, he must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Haese*, 162 F.3d at 364 (citing *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998)); *United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir. 1990).

Jones must show more than that a different result would have been "possible." *Cockrum v. Johnson*, 119 F.3d 297, 302 (5th Cir. 1997). He must also show the prejudice rendered the proceeding "fundamentally unfair or unreliable." *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997). When a defendant fails to meet either requirement of the *Strickland* test, her ineffective assistance of counsel claim is defeated. *Belyeu v. Scott*, 67 F.3d 535, 538 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1993). The Fifth Circuit "has also made clear that counsel is not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Likewise, counsel is not "deficient for failing to press a frivolous point." *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).

Jones attacks the performance of his counsel on several grounds. He first contends his trial and appellate counsel did not challenge a prior conviction that was improperly used to enhance his sentence. Specifically, Jones alleges his prior conviction for retaliation arose from the same criminal incident as his instant conviction for aggravated assault on a public servant and was thus not eligible to be used for enhancement purposes.

Jones' understanding of the record is somewhat flawed. The indictment in this case simply charges him with aggravated assault of a public servant. (Tr. 1). That offense is a first degree felony offense. TEX. PENAL CODE. ANN. § 22.02(B)(2) (Vernon 1994). The record also shows the prosecutor filed a supplemental notice indicating an intent to offer as extraneous conduct the police

11

report evidencing his conduct during the criminal incident from which the indictment arose. The notice further indicates an intent to offer other, earlier, criminal convictions for the purpose of enhancement of punishment. There is no mention in the notice of a conviction for retaliation. (Tr. 28-31). Nor is there evidence such a conviction was made part of the record in the punishment proceedings. (Rep. Rec. 3 at 2).[3] Thus, Jones' assertion that his attorneys erred in not objecting is without any factual support. *See Sones*, 61 F.3d at 415 (counsel not deficient for failing to raise frivolous point).

Jones also argues his trial and appellate counsel failed to get full command of his case, failing to urge a motion to suppress and failing to raise this error on appeal. The motion to adjudicate guilt was based on a number of allegations. The first three involved driving while intoxicated, and threatening two peace officers on or about June 10, 2007. The remaining allegations were for failing to abstain from the use of alcohol and marijuana, changing his residence without notifying his probation officer, failing to pay his court fine and failing to pay his community supervision fees. (Tr. at 60).

The record reflects counsel for Jones filed a motion to suppress physical evidence seized on or about June 10, 2007. The motion alleges the evidence was seized from a vehicle as a result of an illegal stop and arrest. The motion seeks to suppress the evidence for the purposes of the first three allegations in the motion to adjudicate guilt. (Tr. at 204-05). Immediately prior to the hearing on

---

[3]It appears Jones may be confused by the trial judge's comment during sentencing that the judge believed Jones could have been charged with retaliation for his conduct on or about June 10, 2007. (Rep. Rec. 2 at 131-32). The conduct was not separately charged but was one of the allegations made in the motion to adjudicate guilt. (Tr. at 60).

the motion to adjudicate guilt, counsel agreed to carry the suppression motion forward.  (Rep. Rec. 2 at 22).

During the hearing on the motion to adjudicate guilt, a store clerk and two police officers testified concerning the events of June 10, 2007.  The clerk, Amanda Mendoza ("Mendoza"), testified she observed Jones enter the store, smelling of alcohol and slurring his speech.  One of the officers, James Stewart ("Stewart") was present in the store.  Mendoza and Stewart stated Jones was belligerent to Stewart.  Stewart and Jones left the store.  Stewart instructed Jones not to drive home due to his intoxicated state.  Jones nonetheless got in his car and began driving away.  Stewart and the other officer gave chase and were able to stop and arrest Jones.  Stewart testified an inventory of Jones' vehicle was performed but no contraband was found.  No evidence from the vehicle was admitted into evidence.  (Rep. Rec. 2 at 37-91).

At the conclusion of the hearing, Jones' counsel asked for a ruling on the motion to suppress. Although no formal ruling was made, the trial judge stated "I didn't hear anything that should be suppressed or any objections concerning suppression that were good."  (Rep. Rex. 2 at 137).

Jones maintains his counsel's failure to urge the motion to suppress was deficient.  However, he does not point to any evidence in the record, or otherwise, which would suggest any legal basis for challenging his arrest or the inventory search of his vehicle.  Nor has Jones pointed to any evidence which could have been suppressed had the trial judge granted the motion to suppress.  He has thus failed to show any deficient performance on the part of his counsel.  *See Barnard v. Collins*, 958 F.2d 634, 642 n.11 (5th Cir. 1992) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient).  Accordingly, he has not shown he is entitled to habeas relief on this basis.

Jones next contends his trial counsel erred in not filing a motion for discovery, and appellate counsel should have raised this error on appeal. Jones does not point, however, identify any information counsel was not aware of or that a motion for discovery would have revealed. The conclusory nature of his allegation is insufficient to entitle him to habeas relief. *See Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir. 2010) (habeas petitioner who alleges failure to investigate by counsel must allege with specificity what investigation would have revealed and how it would have altered outcome of the trial); *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (same).

Jones further alleges his trial and appellate counsel failed to challenge the evidence at his adjudication hearing. Specifically, Jones maintains counsel should have objected to the use of a 1986 conviction for driving while intoxicated for the purpose of enhancement. However, as discussed above, Jones' conviction for aggravated assault of a public servant is a first degree felony. Enhancement by the use of prior convictions was not necessary and did not occur. Rather, the evidence of his prior convictions was introduced at the punishment stage of the proceedings to argue Jones' sentence should be at the high end of the punishment range for a first degree felony. (Rep. Rec. 2 at 106-08, 134-36). Jones is therefore not entitled to federal habeas relief on this basis.

**E.      State Habeas Defects**

Jones finally contends the Texas Court of Appeals erred in concluding it had no jurisdiction to hear the appeal from the trial court's order denying habeas corpus relief. After the trial court in Petitioner's habeas case entered its order finding that "there are no controverted, previously unresolved issues of fact material to the legality of the petitioner's confinement" and forwarded a copy of its order to the Texas Court of Criminal Appeals, Petitioner appealed the case to the Third Court of Appeals of Texas. On March 9, 2011, the Court of Appeals dismissed the appeal, because

14

it had no jurisdiction over post-conviction writs of habeas corpus in felony cases.  The court explained the Texas Court of Criminal Appeals has exclusive jurisdiction to review the merits of a post-conviction application for habeas relief under article 11.07 of the Texas Code of Criminal Procedure.  *Jones*, 2011 WL 832135, at *2.

Petitioner is not entitled to federal habeas corpus relief on this claim.  An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.  The Fifth Circuit has repeatedly held defects in a state habeas proceeding are not cognizable grounds for relief under 28 U.S.C. § 2254.  *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing long line of cases dictating infirmities in state habeas proceeding do not warrant federal habeas relief).  Accordingly, this ground for relief should be overruled.

## V.  RECOMMENDATION

The Magistrate Court recommends the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus By a Person in State Custody (Clerk's Dkt. #1).  All other pending motions and requests should be **DISMISSED**.

## VI.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## VII.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

16

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of December, 2011.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE